IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Albert Lee Evans, | ) | C/A No.: 1:26-cv-2155-RMG-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| Warden Nance, TRCI,[1] | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Albert Lee Evans ("Petitioner"), proceeding pro se, filed a petition pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b)(1)(B)(c) and Local Civ. Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review such petitions and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends the district judge dismiss the petition without prejudice and without requiring Respondent to file a return.

I.    Factual and Procedural Background

Petitioner filed a petition on June 2, 2026, challenging his August 1999 sentence to life without parole under S.C. Code Ann. § 17-25-45. (ECF No. 1). He states that in April 2026, after having received documentation regarding

---

[1] A prisoner's custodian is the proper respondent in a habeas corpus action. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). Therefore, the Clerk of Court is directed to terminate "State of South Carolina" and to replace it with the Warden of Lieber Correctional Institution as the sole respondent.

his prior convictions from the state of Florida, he discovered that the trial court erred in imposing a sentence of life without parole. *Id.* at 5. He claims the trial judge used "invalid and dismissed prior [charges]" to enhance his sentence. *Id.* He appears to indicate he attempted to file an application for postconviction relief ("PCR") in the state court after making this discovery.[2] *Id.* at 2–3.

Petitioner attaches an order dated May 6, 2026, from the Honorable R. Scott Sprouse ("Judge Sprouse"), Chief Administrative Judge for the Tenth Judicial Circuit, stating the filing was "DENIED and shall be rejected by the Clerk of Courts office," as Petitioner "has made numerous filings which triggered a potential warning under the Inmate Litigation Act." (ECF No. 1-1 at 1). Petitioner does not indicate in the petition that he appealed Judge Sprouse's order, but generally directs the court to "EXHIBIT A," Judge

---

[2] Petitioner previously brought a petition for a writ of habeas corpus in this court that was dismissed without prejudice based on his failure to exhaust state court remedies, as his PCR hearing had yet to be held. *See Evans v. Bazzle*, Case No. 8:04-124 (D.S.C. Oct. 15, 2004). Public records indicate Petitioner's first PCR was dismissed by the Anderson County Court of Common Pleas on November 28, 2005, and the South Carolina Court of Appeals issued a remittitur on or about October 17, 2007. *See* Anderson County Tenth Judicial Circuit Public Index, https://publicindex.sccourts.org/Anderson/PublicIndex/PISearch.aspx (Search by Last Name: Evans, First Name: Albert, Case No. 2001CP0401271). The court may take judicial notice of factual information located in postings on government websites. *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. Nov. 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

Sprouse's order, in response to all questions regarding exhaustion. *See* ECF No. 1 at 3–13. He requests the court "TAKE JURISDICTION OF THIS MATTER AND/OR DIRECT THE LOWER COURT TO PROCESS MY STATE HABEAS CORPUS." *Id.* at 15.

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts that set forth a

claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

As a prisoner in custody pursuant to a state court conviction, Petitioner brings this amended petition pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(a). Section 2254 permits federal courts to grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States," provided certain grounds are met. It generally requires exhaustion of state court remedies, explaining:

(b)

    (1)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

        (A)    the applicant has exhausted the remedies available in the courts of the State; or

        (B)

            (i)    there is an absence of available State corrective process; or

            (ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

    (2)    An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

    (3)    A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of

> the State to raise, by any available procedure, the question
> presented.

28 U.S.C. § 2254(b), (c).

Unless one of the exceptions in paragraph (b)(1)(B) applies, a petitioner "must exhaust his remedies in state court." 28 U.S.C. § 2254(b)(1). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (explaining exhaustion requirement). Exhaustion of state court remedies is required by 28 U.S.C. § 2254(b)(1)(A), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. § 2254(b)(1). "The exhaustion requirement is 'grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights.'" *Washington v. Cartledge*, No. 4:08-cv-4052-PMD, 2010 WL 1257356, at *1 (D.S.C. Mar. 29, 2010) (*quoting Coleman v. Thompson*, 501 U.S. 722, 731 (1991)). As the Fourth Circuit Court of Appeals has explained, "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts." *Matthews v. Evatt*, 105 F.3d 907, 910–11 (4th Cir. 1997),

cert. denied, 522 U.S. 833 (1997), *overruled on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011).

Generally, "a district court, at the pleadings stage, may not dismiss a claim based on the petitioner's failure to affirmatively show exhaustion," *Foster v. Warden of Tyer River Corr. Inst.*, C/A No. 17-945-TMC, 2018 WL 451720, at *1 (D.S.C. Jan. 17, 2018), as failure-to-exhaust is an affirmative defense that may be forfeited if not pled. However, an exception to the general rule permits "a prisoner's complaint [to] be dismissed for non-exhaustion in the rare case where failure to exhaust is apparent from the face of the complaint." *Wilcox v. Brown*, 877 F.3d 161, 167 (4th Cir. 2017) (internal quotations omitted); *see also Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies."). "Cases filed in this District and Circuit on habeas grounds are routinely dismissed on initial review for failure to exhaust state remedies where the failure-to-exhaust is clear from the face of the petition." *Owens v. Cohen*, C/A No. 4:20-2945-MBS-TER, 2020 WL 6065411, at *2 (D.S.C. Sept. 15, 2020), report and recommendation adopted by 2020 WL 6064544 (Oct. 14, 2020) (citing *Jones v. Williams*, No. 1:18-3320-JMC-SVH, 2019 WL 831120, at *2 (D.S.C. Jan. 8, 2019), *report and recommendation adopted by* 2019 WL 804785 (D.S.C. Feb. 21, 2019); *Jones v. Unknown*, C/A No. 7:06-601, 2006 WL

2995625, at *1 (W.D. Va. Oct. 17, 2006) (holding that petitioner's "failure to exhaust state remedies mandates summary dismissal of the petition, pursuant to Rule 4 of the Rules Governing § 2254 Cases").

Here, it is clear from the face of the petition that Petitioner has not exhausted his state remedies, as he indicates he took no action after receiving Judge Sprouse's order.[3] *See generally* ECF No. 17. Therefore, the undersigned recommends the court dismiss the petition based on Petitioner's failure to exhaust state remedies.

III.   Conclusion

In light of the foregoing, the undersigned recommends the court dismiss the petition without prejudice and without requiring Respondent to file a return.

---

[3] A review of the South Carolina Appellate Case Management System shows that Petitioner filed a Notice of Appeal on June 1, 2026, after filing the instant petition. *See* South Carolina Appellate Case Management System, https://ctrack.sccourts.org/public/publicActorSearch.do (click "Participant Search," Last Name: Evans, First Name: Albert, and search; click on Appellate Case No. 2026-001256). However, as the appellate matter has not been resolved, Petitioner has not exhausted his state remedies.

IT IS SO RECOMMENDED.


s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge


June 12, 2026
Florence, South Carolina

**Petitioner is directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

8

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).