IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Albert Lee Evans,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>Nance Trci,<br><br>　　　　　Defendant. | Case No. 1:26-02155-RMG<br><br><br>**ORDER AND OPINION** |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that Petitioner's § 2254 petition be dismissed without prejudice for failure to exhaust available state remedies. (Dkt. No. 12). Petitioner filed objections. (Dkt. No. 15). For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses the petition without prejudice.

I.    **Background**

Petitioner filed his petition on June 2, 2026, challenging his August 1999 sentence to life without parole under S.C. Code Ann. § 17-25-45. (Dkt. No. 1). He claims that the sentencing court lacked jurisdiction to impose a life sentence without parole. (*Id.* at 4). He further alleges that the trial judge used "invalid and dismissed prior [charges]" to enhance his sentence. (*Id.* at 5).

Petitioner appears to have attempted to file an application for postconviction relief in the state court. (*Id*. at 2–3). He attaches an order dated May 6, 2026, from the Honorable R. Scott Sprouse ("Judge Sprouse"), Chief Administrative Judge for the Tenth Judicial Circuit. (Dkt. No. 1-1). Judge Sprouse denied his filing because he found that Petitioner "ha[d] made numerous filings which triggered a potential warning under the Inmate Litigation Act." (*Id.* at 1). Petitioner does not indicate in the Petition that he appealed Judge Sprouse's order, however, a review of the South Carolina Appellate Case Management System shows that Petitioner filed a Notice of Appeal on

1

June 1, 2026, after filing the instant petition. *See* South Carolina Appellate Case Management System, https://ctrack.sccourts.org/public/publicActorSearch.do (click "Participant Search," Last Name: Evans, First Name: Albert, and search; click on Appellate Case No. 2026-001256). But at present, that matter has not been resolved.

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Where a petitioner has not objected to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection ... we do not believe that it requires any explanation."). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby,* 718 F.2d at 200.

In reviewing these pleadings, the Court is mindful of Petitioner's pro se status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone,* 330 F.3d 630, 633 (4th Cir.2003), The requirement of a liberal construction does not mean, however, that the Court can ignore a respondent's clear failure to allege facts that set forth a cognizable claim. *See United States v. Wilson,* 699 F.3d 789, 797 (4th Cir.2012).

## III.    Discussion

In Petitioner's Objections, he claims that his state appeal "is not the core of th[e]" present petition. (Dkt. No. 15 at 1). He states that case number 2026-cp-04-01226 is the core of this appeal. This Court is unable to find a case with that number and assumes that he meant to cite his pending state appeal case, which is number 2026-001256. (*Id.*) Petitioner also objects to the R & R arguing that state appeals are lengthy. (*Id.*)

After a thorough review of the R&R, the applicable law, the record of this case, and Plaintiff's Objections, the Court finds that the Magistrate Judge ably considered the issues in this case in determining that Plaintiff failed to exhaust his state remedies.  Additionally, the Magistrate Judge liberally construed the pleadings, accurately summarized the law, and correctly concluded that the Court should dismiss Petition without prejudice. Until a state court has been accorded a fair opportunity "to consider the issue and afford a remedy . . ., federal courts in habeas proceedings by state prisoners should stay their hand." *Durkin v. Davis,* 538 F.2d 1037, 1041–42 (4th Cir.1976) (citing *Gilstrap v. Godwin,* 517 F.2d 52, 53 (4th Cir.1975)). Additionally, when state-court remedies have not been exhausted, provided no special circumstances, a court may not retain a federal habeas case on its docket. *Galloway v. Stephenson,* 510 F. Supp. 840, 845 (M.D.N.C.1981). Here, because Petitioner's direct appeal of his case is currently pending, he has not exhausted his state-court remedies. Further, Petitioner's arguments in his Objections do not convince this Court that it should reject the R & R. *Hensley v. Price*, 876 F.3d 573, 581 (4th Cir. 2017) (discussing that the courts "are not like pigs, hunting for truffles buried in briefs. Similarly, it is not our job to wade through the record and make arguments for either party."). As such, Petitioner's Objections are overruled, and the Petition must be dismissed without prejudice.

## IV.    Conclusion

In light of the foregoing, the R & R (Dkt. No. 12) is **ADOPTED** as the Order of the Court. Accordingly, the Petition (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE** and without requiring Respondent to file an answer or return. Further, Petitioner's Motion for Leave to Proceed in Forma Pauperis (Dkt. No. 14) is **DENIED AS MOOT**.

## V.    Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

June 29, 2026
Charleston, South Carolina

4